FISHER & PHILLIPS LLP
Tamara I. Devitt (SBN 209683)
*E-mail:* tdevitt@laborlawyers.com
Rafael Nendel-Flores (SBN 223358)
*E-mail:* rnendelflores@laborlawyers.com
2050 Main Street
Suite 1000
Irvine, CA 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
Time Warner Cable LLC

FILED
10 JUL 27 PM 2:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EVE NERCIA GILLINGS, and PATRICE HAYES, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

TIME WARNER CABLE LLC, and DOES 1-20,

Defendants.

CASE NO. CV10 5565 GW PLAx

(Los Angeles County Superior Court Case No. BC439799)

**NOTICE OF REMOVAL TO FEDERAL COURT**

Class Action Fairness Act

Action Filed: June 25, 2010

COPY

TO THE CLERK OF THE ABOVE ENTITLED COURT AND PLAINTIFFS EVE NERCIA GILLINGS AND PATRICE HAYES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Time Warner Cable LLC hereby removes the below referenced action from Los Angeles County Superior Court in the State of California to the United States District Court for the Central District of California. Removal is based on 28 U.S.C. §§ 1332(d) (the "Class Action Fairness Act"), 1441(b) and 1446 on the following grounds:

**STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which was enacted on February 18, 2005. *See 28* U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**PLEADINGS, PROCESS, AND ORDERS**

2. On or about June 25, 2010, Plaintiffs EVE NERCIA GILLINGS and PATRICE HAYES ("Plaintiffs") filed a Class Action Complaint in the Los Angeles County Superior Court in the State of California: *Eve Nercia Gillings and Patrice Hayes v. Time Warner Cable LLC and Does 1-20,* Case No. BC439799 (hereinafter the "Complaint"). According to Plaintiffs, they were non-exempt former employees of Defendant within the State of California and allegedly were not paid all overtime wages, not paid minimum wage, not paid all wages earned upon separation from Defendants, not paid compensation at contractual rates

and not provided accurate itemized wage statements. (Compl. ¶¶ 19-36.) Plaintiffs seek to represent a class of all hourly-paid employees in Defendant's call centers in the State of California whose duties include speaking with customers on the telephone. (Compl. ¶ 10.) Plaintiffs allege that the putative class numbers "several hundred people or more." (Compl. ¶ 12.)

3. Plaintiff's Complaint purports to assert four (4) causes of action: (a) failure to pay minimum and overtime wages, including penalties, for an alleged failure to pay them all wages due upon termination of employment; (b) failure to pay wages at contractual rates; (c) payment, including penalties, for alleged failure to furnish itemized wage statements in violation of California Labor Code § 226; and (d) violations of the California Business & Professions Code §§ 17200 *et seq.* (Compl. ¶¶ 19-40.)

4. On June 29, 2010, Plaintiffs caused to be served on Defendant a copy of the Complaint. A true and correct copy of the Complaint is attached hereto as Exhibit "A." On July 15, 2010, Defendant received service of a Notice of Non-Complex Determination. A true and correct copy of the Notice of Non-Complex Determination is attached hereto as Exhibit "B."

5. No other defendants have been added or named.

6. No further proceedings related thereto have been heard in Los Angeles County Superior Court.

**JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

7. Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2),[1] as amended, provides in pertinent part as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of

[1] While there are a number of exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C. § 1332(d)(3)-(5), none of these exceptions are applicable to the instant action.

$5,000,000, exclusive of interest and costs, and is a class action in which ...

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

8. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441(b) and 1446.

**PURPORTED CLASS ACTION UNDER STATE LAW**

9. This action has been styled as a class action. (Compl. ¶ 1.)

**CITIZENSHIP**

10. Plaintiffs admit they are residents of the State of California and were employed by Defendant in the State of California at all times relevant hereto. (Compl. ¶ 5.) Plaintiffs are therefore citizens of the State of California. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).

11. Plaintiffs seek to represent certain current and former hourly-paid employees of Defendants in call centers in the State of California whose duties include speaking with customers on the telephone, who allegedly were not paid all overtime and minimum wages due, were not paid wages at a contractual rate, were not paid all wages due upon termination and were not provided accurate wage statements. (Compl. ¶¶ 10, 19-36.)

12. Defendant Time Warner Cable LLC ("TWCL") is and at all times relevant hereto has been a citizen of the States of Delaware and New York, in that it was at the time of the filing of this action and continues to be a limited liability company organized under the laws of the State of Delaware with its principal place of business in New York. (Tohvert Decl., at ¶ 4.) Time Warner Cable LLC is and at all times relevant hereto has been wholly-owned by Time Warner Cable Inc., which is a Delaware corporation with a principal place of business in New York. (Tohvert

Decl., at ¶ 4.)

14. Accordingly, TWCL was at the time of the filing of this action and remains a citizen of the States of Delaware and New York. *See* 28 U.S.C. §§ 1332(a)(1), (d)(10), 1441(b); *Metalmark Northwest LLC v. Stewart*, 226 Fed. Appx. 613, 614 (9th Cir. 2008) (holding LLC is citizen of every state in which its owners/members are citizens).

15. Defendants Does 1 through 20 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendant. Pursuant to Section 1441, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

16. Accordingly, Plaintiffs are citizens of a state different from Defendant.

## AMOUNT IN CONTROVERSY

17. "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is **presumptively satisfied**. . . ." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007) (emphasis added); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith"). In their Complaint, Plaintiffs affirmatively allege that their damages are in excess of $5 million: "WHEREFORE, Plaintiff pray [sic] judgment for themselves and all others on whose behalf this suit is brought, against Defendants, jointly and severally, as follows, **with recoveries totaling more than $5 million**. . . ." (Compl., Prayer, p. 10; emphasis added.)

20. As a result, although Defendant denies Plaintiffs' claims of wrongdoing and denies their requests for relief thereon, based upon the allegations on the face of

Plaintiffs' Complaint and assuming *arguendo* Plaintiffs were able to prove these allegations, the total amount of monetary relief sought by Plaintiffs and the proposed putative other class members is in excess of $5 million, exclusive of interest and costs. Accordingly, the amount in controversy requirement is presumptively satisfied. Therefore, removal of this action is appropriate.

**TIMELINESS OF REMOVAL**

21. This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendant's first notice of the Complaint on June 29, 2010.

22. The Class Action Fairness Act applies to actions that were "commenced" on or after February 18, 2005. Because this action was filed on June 25, 2010, it was "commenced" after February 18, 2005, as required by CAFA. Therefore, removal is proper under CAFA.

**NOTICE TO PLAINTIFFS**

23. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiffs' counsel of record, Ira Spiro. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for Los Angeles County Superior Court.

24. WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Los Angeles County Superior Court.

DATED: July 27, 2010

FISHER & PHILLIPS LLP

By: [signature]

Tamara I. Devitt
Rafael Nendel-Flores
Attorneys for Defendant
Time Warner Cable LLC

# EXHIBIT A

2:10 6/29/10

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 25 2010

John A. Clarke, Executive Officer/Clerk
By ________, Deputy
DAWN ALEXANDER

**NOTICE TO DEFENDANT:** TIME WARNER CABLE, LLC, and DOES 1 through 20
***(AVISO AL DEMANDADO):***

**YOU ARE BEING SUED BY PLAINTIFF:** EVE NERCIA GILLINGS, and PATRICE HAYES, individually, and on behalf of all others similarly situated
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):* BC 439 799

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ira Spiro (SBN 67641) 310-235-2468 310-235-2456
SPIRO MOSS LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064

JOHN A. CLARKE

DATE: *(Fecha)* Clerk, by *(Secretario)* DAWN ALEXANDER, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] JUN 25 2010

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Time Warner Cable LLC
3. ☒ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* LLC

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

000002

SHORT TITLE: GILLINGS et al. v. TIME WARNER CABLE, LLC | CASE NUMBER BC439799

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL? [x] YES CLASS ACTION? [x] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 5 [ ] HOURS/ [x] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: GILLINGS et al. v. TIME WARNER CABLE, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case | (1.) 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: GILLINGS et al. v. TIME WARNER CABLE, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: GILLINGS et al. v. TIME WARNER CABLE, LLC | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>[X]1. [ ]2. [ ]3. [ ]4. [ ]5. [ ]6. [ ]7. [ ]8. [ ]9. [ ]10. | | | ADDRESS:<br>111 North Hill Street |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: June 25, 2010

(SIGNATURE OF ATTORNEY/FILING PARTY)
Ira Spiro

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SPIRO MOSS LLP
Ira Spiro, Cal. State Bar No. 67641
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
Tel (310) 235-2468, Fax (310) 235-2456
ira@spiromoss.com

Attorneys for Plaintiffs

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 25 2010

John A. Clarke, Executive Officer/Clerk
By [signature], Deputy
DAWN ALEXANDER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

EVE NERCIA GILLINGS, and PATRICE HAYES, individually, and on behalf of all others similarly situated.

Plaintiff,

v.

TIME WARNER CABLE, LLC, and DOES 1 through 20,

Defendants.

Case No. BC 439 799

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

CLASS ACTION

## INTRODUCTION AND CERTAIN DEFINITIONS

1. This is a class action on behalf of employees for, among other things, (a) not being paid for all work time, by various means including unlawful rounding off of time; (b) failure to pay all overtime pay at the required overtime rates; and (c) violation of the laws requiring employers to provide accurate wage statements (paystubs); (d) underpayment of what are referred to as "commissions"; and other related violations of wage and hour laws This class action also seeks relief for these violations under the California Unfair Competition Law, Business and Professions Code §§ 17200 *et. seq.*

2. In this complaint, "Defendants" means "defendants and each of them."

3. The allegations in this complaint are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion. All rights to plead in the alternative are reserved.

## PARTIES

4. The named Defendant, TIME WARNER CABLE, LLC, is a limited liability company.

5. Plaintiffs EVE NERCIA GILLINGS and PATRICE HAYES were, within the statute of limitations periods applicable to all causes of action, Class Members employed by Defendants in Los Angeles, California.

6. On information and belief, it is alleged that at all times relevant to this action, the named Defendants and defendants DOES 1 through 20 were affiliated and were an integrated enterprise.

7. The true names of defendants Does 1 through 20 are unknown. Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 20 when the true names and capacities are ascertained, or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.

8. On information and belief, it is alleged that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other Class Members, and exercised control over the wages, hours, and working conditions of Plaintiffs and

the other Class Members. On information and belief, it is alleged that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. On information and belief, it is alleged that each defendant acted pursuant to and within the scope of these relationships, that each Defendant knew or should have known about the conduct of all other Defendants, and that each Defendant authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## CLASS ACTION ALLEGATIONS

9. This action is brought on behalf of the class of all persons similarly situated, who are further specified in the class definition below. This action is brought and may properly be maintained as a class action pursuant to Code of Civil Procedure section 382 and other class action law.

10. The proposed class, sometimes referred to herein as the "Class Members," or the "Class," is presently defined as follows:

### CLASS DEFINITION

**All persons employed as hourly-paid employees by any Defendant in any call center in California at any time during the period beginning four years before the filing of the initial complaint in this action, whose duties during that period of time included speaking with customers by telephone, using a computer in connection with the telephone calls.**

11. There is a well-defined **community of interest** in the litigation and the proposed Class is easily ascertainable, as alleged more specifically below.

12. **Numerosity:** The Class is so numerous that individual joinder of all members is impracticable. While the exact number of Class Members is unknown to Plaintiffs at this time, on information and belief, it is alleged that it is several hundred people or more.

13. **Ascertainability:** The Class Members are specific people whose identity can easily be ascertained from Defendants' employment and payroll records.

14. **Common Questions Predominate:** Common questions of law and fact exist as to all Class Members, and predominate over any questions that affect only individual members of the Class. The common questions of law and fact include, but are not limited to:

a. What were Defendants' policies and practices for recording time worked by the class members?

b. What were Defendants' policies and practices for rounding off the email to of time recorded as time worked by the class members?

c. What were Defendants' policies and practices for logging into and out of their computers and computer programs?

d. Did Defendants have or implement a policy or practice requiring class members to work before their work time began for payroll purposes?

e. Did Defendants have or implement a policy or practice requiring class members to work after their work time ended for payroll purposes.

f. Did Defendants have or implement a policy or practice whereby Defendants failed to pay the class members for all time worked?

g. What measures did Defendants take, or fail to take, to assure compliance with the laws governing the timing of payment of final wages upon and/or after the end of the Class Members employment (California Labor Code section 203)?

h. What information was contained in the standard wage statements (i.e. paystubs) Defendants furnished to Class Members?

i. Did Defendants have or implement a policy or practice whereby they intentionally failed to furnish to the class members, upon each payment of wages, itemized statements accurately showing gross wages earned, total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate?

j. Are Defendants liable to the class members for the amounts under Labor Code Section 226(e)?

k. What were Defendants' policies and/or practices for paying overtime for overtime work?

l. What were Defendants' policies and/or practices for determining the regular rate for purposes of calculation overtime rates?

m. Are Defendants liable to the class members for the amounts provided for in Labor Code Section 1194?

n. Are Defendants liable to the class members for the amounts provided for in Labor Code Section 1194.2?

o. Are Defendants liable to the class members for the amounts provided for in Labor Code Section 203?

p. Did Defendants violate the Unfair Competition Law, Business and Professions Code Section 17200, et seq., by their unlawful practices as alleged herein?

q. Are Defendants liable to the class members for restitution under Business and Professions Code Section 17203?

15. **Typicality**: Plaintiffs' claims are typical of, or the same as, the claims of the Class Members. Plaintiffs and other Class Members sustained losses, injuries and damages arising out of Defendants' common policies and/or practices and violations of law referred to in each cause of action, which were applied to the other Class Members and Plaintiffs. Plaintiffs seek recoveries for the same types of losses, injuries, and damages as were suffered by the other Class Members, as well as Plaintiffs.

16. **Adequacy**: Plaintiffs are able fairly and adequately to protect the interests of all Class Members. The attorneys for Plaintiffs and the potential Class are qualified, competent and very experienced in class action litigation, particularly class actions for violations of laws governing wages and hours. Plaintiffs are not disqualified by any interests antagonistic to the remainder of the Class.

17. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their

common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public of adjudication of individual litigation and claims would be very substantial, and substantially more than if the claims are treated as class action. Individual litigation and claims would also present the potential for inconsistent or contradictory results. The issues in this action can be decided by means of common, classwide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. **Public Policy Considerations:** Defendants and other employers throughout the state violate wage and hour laws. Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Their former employees are fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY WAGES, MINIMUM AND OVERTIME
### Brought By Plaintiffs for Themselves and the Class, Against All Defendants

19. Plaintiffs incorporates paragraphs 1 through 18.

20. At all times pertinent to this action, Defendants had and implemented a policy or practice, and still do, whereby they rounded off the work time recorded for the Plaintiffs and the other Class Members, which resulted in paying them less in wages than if time had not been rounded off but had been paid to the minute. At all times, Defendants have been readily able to record and pay Plaintiffs and the other Class Members to the minute, without rounding off.

21. At all times pertinent to this action, Defendants had and implemented a policy or practice, and still do, whereby they required, suffered, and permitted Plaintiffs and the other Class Members to work before their paid time began for payroll purposes., and after their paid time ended for payroll purposes.

22. Consequently, at all times pertinent to this action, Defendants had and implemented a policy or practice, and still do, whereby Plaintiff and the other class members were are not paid at all for their work time.

23. Pursuant to California Labor Code section 1194.2, Plaintiffs and the other Class Members are entitled to recover liquidated damages for Defendants' failure to pay minimum wages.

24. Some of the work for which Plaintiffs and the Class Members were not paid was overtime work, i.e. work in excess of 8 hours in a day or 40 hours in a week.

25. Even when Defendants did pay overtime, they paid it based on time and a half of a "regular rate" that is less than the regular rate required for calculating overtime.

26. Plaintiff Hayes and many of the other Class Members quit or were discharged from their employment within the statute of limitations period applicable to this cause of action, and others will be. As a result of the practices alleged in this cause of action, Defendants failed, and continue to fail, to pay said Class Members, without abatement, all wages (as defined by applicable California law) within the time required by California law after quitting or discharge. Defendants still have not paid all said wages.

27. Defendants' failure to pay all wages after quitting or discharge was willful within the meaning of Labor Code section 203. Defendants had the ability to make the required payments within the required times, and knew they were not doing so.

28. As further relief for Defendants' failure to pay all wages due upon the end of employment as alleged above, Plaintiffs and other Class Members are entitled, pursuant to Labor Code section 203, to an additional 30 days of pay at their last regular rates of compensation.

**SECOND CAUSE OF ACTION**

**(Brought By Plaintiffs for Themselves and the Class Against All Defendants for Failure to Pay Wages at the Contractual Rates)**

29. Plaintiffs incorporates paragraphs 1 through 18.

30. California Labor Code section 204 requires employers to pay employees all earned wages two times per month. Throughout the statute of limitations period applicable to this cause of action, Plaintiffs and the other Class Members were entitled to be paid twice a month at rates required by written, oral, and implied agreement with Defendants, including overtime and minimum wage rates required by California law. However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the other Class Members all wages due, and failed to pay those wages twice a month, by means including but not limited to: illegal rounding off of time; not paying for all work time; not paying at the required overtime rates; not paying all amounts referred to as "commissions," and other means.

31. All conditions precedent to Defendant's obligations to pay the unpaid wages alleged herein have occurred or been performed.

32. As a direct and proximate result of Defendant's conduct as alleged herein, Plaintiffs the other Class Members have suffered monetary damages in an amount equal to their unpaid wages, plus interest thereon.

**THIRD CAUSE OF ACTION**

**(Brought By Plaintiffs for Themselves and the Class Against All Defendants for Failure to Furnish Itemized Statements, Cal. Labor Code § 226)**

33. Plaintiff incorporates paragraphs 1 through 18.

34. Throughout the statute of limitations period applicable to this cause of action, Defendants intentionally failed, and continue to fail, to furnish to Plaintiff and the other Class Members, upon each payment of wages, itemized statements accurately showing all information required by California Labor Code section 226(a)(1) through (9), including but not limited to: the accurate total hours worked, and the applicable hourly rates.

35. Plaintiff and the other Class Members were injured by these failures because, among other things, the failures led them to believe that they were not entitled to be paid for all their work time and that they were not entitled to be paid at the correct overtime rates, and because, in connection with this lawsuit and otherwise, the failures hindered them from determining the amounts of overtime wages owed to them.

36. Plaintiff and the other Class Members are entitled to the amounts provided for in Labor Code section 226(e).

**FOURTH CAUSE OF ACTION**

**(Brought By Plaintiffs for Themselves and the Class Against All Defendants, for Violation of the California Unfair Competition Law, Business and Professions Code §§17200 *et seq.*)**

37. Plaintiff incorporates paragraphs 1 through 36.

38. The conduct of Defendants alleged above constitutes unlawful and unfair business practices and therefore unfair competition within the meaning of the California Unfair Competition Law, Business and Professions Code Section 17200 et seq, because the conduct is because it is in violation of law, and because it is unfair and fraudulent within the meaning of the Unfair Competition Law.

39. As a result of Defendants' unfair competition as alleged herein, Plaintiffs and the other Class Members suffered injury in fact and lost money and property. Plaintiffs and the other Class Members have not been paid the money owed to them as alleged above, and Defendants have retained the money.

40. Pursuant to Business and Professions Code Section 17203, Plaintiffs and the other Class Members are entitled to restitution of all said money, and interest thereon, that Defendants failed to pay them and wrongfully retained.

## PRAYER

WHEREFORE, Plaintiff pray judgment for themselves and all others on whose behalf this suit is brought, against Defendants, jointly and severally, as follows, with recoveries totaling more than $5 million:

A. For such general, special and liquidated damages as may be appropriate, including all damages alleged above.

B. For unpaid wages at overtime rates for all overtime work.

C. For minimum wages and liquidated damages for all work for which they were not paid at least the applicable minimum wage.

D. For wages at contractual rates for all work for which they were not paid at the contractual rate.

E. For amounts under California Labor Code § 203 for all Class Members no longer in Defendants' employ at the time of judgment.

F. For the amounts provided for in California Labor Code § 226(b).

G. For restitution as described in the cause of action under Business. & Prof. Code §§17200 *et. seq.* above.

H. For permanent injunctive and declaratory relief described in the cause of action under Business. & Prof. Code §§17200 *et. seq.* above.

I. For pre-judgement interest.

J. For such other relief as the Court deems just and proper.

June 24, 2010

SPIRO MOSS LLP

Ira Spiro
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury, for plaintiff and all class members, on all matters so triable.

June 24, 2010

SPIRO MOSS LLP

Ira Spiro, Attorneys for Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number BC439799

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Elihu M. Berle | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| | Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| | Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Conrad Aragon | 49 | 509 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| | Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| | Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Mary Ann Murphy | 25 | 317 | | Hon. Jane L. Johnson | 56 | 514 | |
| | Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| | Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| | Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| | Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | ~~Hon. William F. Fahey~~ | 78 | 730 | |
| | Hon. Michael C. Solner | 39 | 415 | | **Hon. Emilie H. Elias*** | **324** | **CCW** | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | ~~Other~~ | | | |
| | Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

***Class Actions**

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ____________ JOHN A. CLARKE, Executive Officer/Clerk

By ________________________, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint **(Civil only)**.

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Select Panel** — The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel** — The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** — The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Ira Spiro (SBN 67641)
SPIRO MOSS LLP
11377 West Olympic Boulevard
Fifth Floor
Los Angeles, CA 90064
TELEPHONE NO.: 310-235-2468 FAX NO.: 310-235-2456
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court
JUN 25 2010
John A. Clarke, Executive Officer/Clerk
By [signature], Deputy
DAWN ALEXANDER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: GILLINGS et al. v. TIME WARNER CABLE, LLC

## CIVIL CASE COVER SHEET

[x] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC 439799
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [X] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action *(specify)*: FOUR (4)

5. This case [x] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 25, 2010
Ira Spiro (SBN 67641)
(TYPE OR PRINT NAME)
[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

000021

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**

- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**

- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**

- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**

- Wrongful Termination (36)
- Other Employment (15)

**Contract**

- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**

- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**

- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**

- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**

- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**

- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**

- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**

- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

# EXHIBIT B

SPIRO MOSS LLP
Ira Spiro, Cal. State Bar No. 67641
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
Tel (310) 235-2468, Fax (310) 235-2456
ira@spiromoss.com

Attorneys for Plaintiffs

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

EVE NERCIA GILLINGS, and PATRICE HAYES, individually, and on behalf of: all others similarly situated.

Plaintiff,

v.

TIME WARNER CABLE, LLC, and DOES 1 through 20,

Defendants.

Case No. BC 439799

[Assigned to Hon. Elizabeth Allen-White Dept. 48]

**NOTICE OF NON-COMPLEX DETERMINATION**

CLASS ACTION

PLEASE TAKE NOTICE that the Court has deemed this matter non-complex. .Please see the Court's July 7, 2010 Order, attached hereto.

July 12, 2010

SPIRO MOSS LLP

Ira Spiro
Attorneys for Plaintiff

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/07/10 | DEPT. 324

HONORABLE EMILIE H. ELIAS JUDGE | A. MORALES DEPUTY CLERK

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

NONE Deputy Sheriff | NONE Reporter

8:30 am BC439799

EVE NERCIA GILLINGS ET AL
VS
TIME WARNER CABLE LLC

Plaintiff Counsel
Defendant Counsel
NO APPEARANCES

NON-COMPLEX 7-7-10

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Elizabeth Allen-White in Department 48 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 48 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

MINUTES ENTERED
07/07/10
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 07/07/10 | | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC439799<br><br>EVE NERCIA GILLINGS ET AL<br>VS<br>TIME WARNER CABLE LLC<br><br>NON-COMPLEX 7-7-10 | Plaintiff Counsel<br><br>Defendant Counsel | NO APPEARANCES |

NATURE OF PROCEEDINGS:

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 07-07-10 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 07-07-10

John A. Clarke, Executive Officer/Clerk

By: TANAYA LEWIS
TANAYA LEWIS

SPIRO MOSS, LLP
Ira Spiro, Esq.
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, CA. 90064

MINUTES ENTERED
07/07/10
COUNTY CLERK

**PROOF OF SERVICE**
***GILLINGS v. TIME WARNER CABLE, LLC***
**Los Angeles Superior Court CASE NO. BC 439799**

I am over the age of eighteen years and not a party to the within action. My business address is 11377 W. Olympic Blvd., Fifth Floor, Los Angeles, CA 90064-1683. I am employed at that address at the firm of Spiro Moss LLP.

I served the document(s) described as **NOTICE OF NON-COMPLEX DETERMINATION**by placing: [ ] the original [*xx*] true copies thereof enclosed in sealed envelopes, addressed to the addresses last given by the respective addressees on any document filed in the above case and served on Spiro Moss LLP, as follows:

| | |
|---|---|
| Time Warner Cable, LLC<br>c/o C.T. Corporation System<br>818 W. 7th Street<br>Los Angeles, CA 90017 | |

[X] **BY MAIL:** I am readily familiar with this firms's practice of collection and processing correspondence for mailing with the United States Postal Service. On the date set forth below, at the firm of Spiro Moss LLP at the above address, I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices. Under the above-mentioned practice of Spiro Moss LLP, the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

[ ] **BY FACSIMILE:** On the date set forth below, I transmitted the above document(s) from facsimile machine number (310) 235-2456, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The Facsimile Machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Los Angeles County, California, on July 12, 2010

Cole Oliver

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

**CV10- 5565 GW (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Eve Nercia Gillings and Patrice Hayes, individually, and on behalf of all others similarly situated

**DEFENDANTS**
Time Warner Cable LLC

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
SPIRO MOSS LLP
Ira Spiro
11377 W. Olympic Blvd., Fifth Floor, Los Angeles CA 90064 (310) 235-2468

Attorneys (If Known)
FISHER & PHILLIPS LLP
Tamara I. Devitt
2050 Main Street, Suite 1000
Irvine, CA 92614 (949) 851-2424

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☑ **MONEY DEMANDED IN COMPLAINT:** $ more than $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act, 28 U.S.C. Sec. 1332(d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☑ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY: Case Number: CV10 5565

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV 09-08937 AG (RNBx); CV 09-06485 AG (RNBx); CV 10-01668 AG (RNBx); CV 10-02468 AG (RNBx); CV 10-04496

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______ **Date** July 27, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |