Ira Spiro (State Bar No. 67641)
ira@spiromoss.com
Linh Hua (State Bar No. 247419)
linh@spiromoss.com
**SPIRO MOSS LLP**
11377 W. Olympic Blvd., 5th Floor
Los Angeles, California 90064-1683
Telephone: (310) 235-2468
Facsimile: (310) 235-2456

Attorneys for Plaintiffs
Eve Nercia Gillings, Patrice Hayes,
Phillip Bond, And Rhandi Walters

Tamara I. Devitt (State Bar No. 209683)
tdevitt@laborlawyers.com
Rafael Nendel-Flores (State Bar No. 223358)
rnendel-flores@laborlawyers.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, CA 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
Time Warner Cable LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE NERCIA GILLINGS, PATRICE HAYES, PHILLIP BOND, and RHANDI WALTERS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TIME WARNER CABLE, LLC; TIME WARNER NEW YORK CABLE, LLC, (formerly sued as DOE 1); TIME WARNER CABLE, INC., (formerly sued at DOE 2); TIME WARNER CABLE SHARED SERVCIES, LLC, (formerly sued as DOE 3); TIME WARNER CABLE SHARED SERVICES, (formerly sued as DOE 4); and DOES51 through 20,<br><br>Defendants. | Case No.: CV 10-5565-AG (RNBx)<br><br>CLASS ACTION<br><br>[Hon. Andrew J. Guilford]<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>Date: September 13, 2010<br>Time: 9:00 a.m.<br>Location: Courtroom 10D<br><br>Date Action Filed: June 25, 2010<br>Date Removed: July 27, 2010<br>Trial Date: None |

**TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's August 19, 2010 Order Re Early Meeting of Parties and Scheduling Conference, Plaintiffs EVE NERCIA GILLINGS, PATRICE HAYES, PHILLIP BOND, and RHANDI WALTERS ("Plaintiffs") and Defendant TIME WARNER CABLE LLC[1] ("Defendant") (Plaintiffs and Defendant are jointly referred to herein as the "Parties") hereby submit this joint report, which was prepared subsequent to the conference of counsel conducted on August 20, 2010.

## I. BASIS FOR SUBJECT MATTER JURISDICTION

This action was originally filed in Los Angeles County Superior Court on June 25, 2010. The Complaint was served upon Defendant on June 29, 2010. On July 27, 2010, Defendant filed a Notice of Removal of this action based on the Class Action Fairness Act ("CAFA"), 29 U.S.C. §§ 1332(d), 1441(b), and 1446. By stipulation, on August 20, 2010, Plaintiffs filed a First Amended Complaint. On August 26, 2010, Plaintiffs filed a Motion for Remand, with a noticed hearing date of September 27, 2010.

## II. SUMMARY OF CLAIMS AND DEFENSES:

### A. Plaintiffs' Claims/Allegations

Plaintiffs allege the following causes of action:

1. Failure to pay regular, minimum and overtime wages, partly based on Defendant's practice of rounding time;

2. Failure to timely pay all wages including commissions;

3. Failure to timely pay all wages upon end of employment with Defendant

4. Failure to provide accurate itemized wage statements; and,

---

[1] The additional defendants have not yet been served.

5. Unfair Business Practices [Bus. & Prof. Code § 17200, et seq.]

Plaintiffs seek to represent a class of all persons employed by Defendant as hourly-paid employees in California, since June 25, 2006, whose duties during that period included speaking with customers by telephone and using a computer in connection with the telephone calls.

### B. Defendant's Position

Defendant denies all allegations set forth by Plaintiffs and any wrongdoing, deny that this matter is appropriate for certification as a class action and further deny that Plaintiffs or members of the putative class are entitled to any damages or other relief from Defendant. The parties will need discovery on Plaintiffs' allegations and Defendant's defenses.

### III. PRINCIPAL ISSUES:

The principal issues in this case are: (i) whether removal of this action under the Class Action Fairness Act (CAFA) was proper; (ii) whether bifurcation of this action should be ordered to litigate individual issues while staying pre-certification class discovery, (iii) whether the claims or issues in this action can be certified for adjudication on a class-wide basis; and (iv) whether Plaintiffs and/or the putative class are entitled to any purported unpaid wages, restitutionary relief, penalties, interest, statutory penalties, and/or attorneys' fees.

Plaintiffs filed their Motion for Remand on August 26, 2010 to determine if federal jurisdiction exists in this action. Defendant will oppose the Motion to Remand based on, *inter alia*, what Defendant contends is an allegation in Plaintiffs' original complaint that their damages exceed $5 million.

The Parties continue to meet and confer regarding Defendant's request to bifurcate this action. Defendant has proposed bifurcation of Plaintiffs' individuals claims to test Plaintiffs' theory of liability prior to class-related discovery. However, Plaintiffs have expressed concern regarding bifurcation as it has the potential to procedurally and substantively fragment the case if

individual issues are taken on appeal or to trial while class issues continue to litigate. Defendant has stated that it will not oppose a request for interlocutory appeal if Plaintiffs make such a request after bifurcation and partial summary judgment in Defendant's favor. Defendant contends that bifurcation of Plaintiffs' individual claims remains the more efficient manner to proceed despite Plaintiffs' concerns. Plaintiffs dispute that.

The Parties have stipulated to waive Central District Local 23-3, thereby waiving the requirement that Plaintiffs must file their Motion for Class Certification within 90 days of commencement of a class action. The parties will propose a deadline for Plaintiffs to file their motion for class certification at a later date.

## IV. AMENDMENTS:

The Parties have stipulated to the filing of a Second Amended Complaint. Plaintiffs will file a stipulation and proposed order for the filing of a Second Amended Complaint by September 7, 2010 to state additional facts.

At this time, Plaintiffs do not anticipate adding parties beyond the several Time Warner entities in the First Amended Complaint. However, discovery may reveal additional Time Warner entities or claims that should be added to this action.

Defendant has not yet answered but reserves the right to amend its Answer, if and when filed, to assert additional affirmative defenses. At this time, Defendant does not anticipate adding additional parties to this case.

## V. COMPLEX LITIGATION:

The Parties have agreed that this action is not complex for purposes of the Manual for Complex Litigation and that the Manual need not be used in this action.

## VI. SETTLEMENT DISCUSSIONS/PROSPECTS:

The Parties have discussed the potential for ADR; however, Defendant does not believe a class action settlement is feasible at this time, and Plaintiffs are not interested in exploring individual settlement at this time.

## VII. CONTEMPLATED MOTIONS:

Plaintiffs filed a Motion for Remand on August 26, 2010.

Plaintiffs expect to file a motion to compel the identities and contact information of putative class members.

Plaintiffs intend to file a Motion for Class Certification.

Defendant may file a Motion to Dismiss the Second Amended Complaint.

In the event that the parties do not stipulate to bifurcation of this case to permit discovery and summary adjudication on Plaintiffs' individual theories of liability, and thereafter litigating class issues only if any claims remain, Defendant will file a motion to bifurcate.

Defendant expects to file a Motion for Summary Judgment.

## VIII. DISCOVERY PLAN:

### A. Initial Disclosures

The Parties have stipulated to exchanging initial disclosures by September 10, 2010. Both Parties acknowledge their duties to supplement disclosures and discovery pursuant to FRCP 26(e).

### B. Expert Witnesses

Plaintiffs anticipate use of expert witnesses at trial. Defendant anticipates calling rebuttal expert witnesses at trial.

### C. Bifurcation of Discovery

The Parties continue to meet and confer regarding the bifurcation of individual and class discovery and briefing.

Plaintiffs propose that if bifurcation of this action is stipulated to or ordered, any discovery regarding individual issues will not decrease the

limitations on discovery set forth in FRCP for class issues (e.g., the Parties may each still propound 25 interrogatories for class discovery regardless of discovery already completed for bifurcated individual issues).  If Plaintiffs agree to bifurcation or the Court orders bifurcation, Defendant agrees that discovery on individual issues will not decrease the limitations on discovery established by the FRCP as to class discovery.

The Parties reserve the right to move to expand FRCP limitations on discovery should it be necessary.

### D. Electronic Discovery

The Parties agree that they will continue to meet and confer as to the appropriate and reasonable manner in which e-discovery is to be preserved, collected and produced in this action.

Plaintiffs anticipate propounding requests for information produced in Microsoft Excel or similar electronic format that allows for sorting and analysis. Of the discovery to be requested in electronic format, Plaintiffs will propound interrogatories seeking the identities and contact information of putative class members.

### E. Protective Order and Issues of Privilege

Defendant anticipates that certain information exchanged in the course of discovery will require a protective order.  Defendant has agreed to provide a draft stipulated protective order to Plaintiffs by September 10, 2010.

### F. Magistrate Judge

Defendant declines to have the Magistrate Judge assigned to this case for all purposes.

## IX. TRIAL:

Plaintiffs request a jury trial.  The Parties estimate that if the class is certified, trial will last approximately 10-20 days, and if the class is not certified, trial will last approximately 5-10 days.  Plaintiffs request that the Court set a trial

date of February 28, 2012. Defendant requests that trial commence on November 1, 2011.

Plaintiffs' trial counsel will be Ira Spiro and Linh Hua of Spiro Moss LLP.

Defendants' trial counsel will be Michael D. Kabat, Joseph W. Ozmer and J. Scott Carr of Wargo & French LLP. Mssrs. Kabat and Ozmer will be filing Applications for Admission Pro Hac Vice.

Respectfully submitted,

Dated: August 30, 2010                SPIRO MOSS LLP


By: /s/ Linh Hua
Ira Spiro
Linh Hua

Attorneys for Plaintiffs


Dated: August 30, 2010                FISHER & PHILLIPS LLP


By: /s/ Tamara Devitt (with permission)
Tamara Devitt
Rafael Nendel-Flores

Attorneys for Defendant