UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5565-AG(RNBx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | EVA NERCIA GILLINGS, ET AL v TIME WARNER CABLE LLC | | |

| Present: The Honorable | ANDREW J. GUILFORD, U.S. District Judge |
|---|---|

| Lisa Bredahl | Denise Paddock |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ira Spiro | Joseph Carr |
| Linh Hua | Michael Kabat |

**Proceedings:**   PLAINTIFFS' MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT

Cause is called for hearing and counsel make their appearances. Counsel argue the tentative ruling, a copy of which is attached to this minute order. Matter is taken under submission.

|  | : | 31 |
|---|---|---|
| Initials of Preparer | lmb | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-5565 AG (RNBx)** | Date | September 27, 2010 |
|---|---|---|---|
| Title | GILLINGS, et al. v. TIME WARNER CABLE | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **[TENTATIVE] ORDER GRANTING MOTION FOR REMAND**

Plaintiffs Eve Nercia Gillings, Patrice Hayes, Phillip Bond, and Rhandi Walters ("Plaintiffs") initially filed their case in state court.  Defendants Time Warner Cable LLC et al. ("Defendants") removed the case to this Court under the Class Action Fairness Act ("CAFA").  Plaintiffs have filed a Motion to Remand ("Motion").  Defendants oppose the motion.  The Court GRANTS the motion.

**BACKGROUND**

Plaintiffs filed a putative class action against Defendants for wage and hour violations and violations of the California Unfair Competition Law.  Defendants filed for removal under CAFA on the grounds that the aggregate amount in controversy exceeds $5,000,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-5565 AG (RNBx)** | Date | September 27, 2010 |
|---|---|---|---|
| Title | GILLINGS, et al. v. TIME WARNER CABLE | | |

In their initial complaint, Plaintiffs included in the prayer for relief that "suit is brought . . . with recoveries totaling more than $5 million." (Initial complaint at 10:23-4.) Plaintiffs have now filed a Second Amended Complaint ("SAC") alleging that the amount in controversy for each plaintiff is less than $75,000 and that the "prayer of the initial complaint mistakenly prays for recoveries totaling more than $5 million." (SAC ¶ 2.) The SAC does not allege the total damages sought with more specificity. The Motion was filed after Plaintiffs filed their First Amended Complaint ("FAC") in this Court but before the SAC. The Motion therefore refers to the FAC as the operative complaint. The relevant language regarding amount in controversy remains unchanged between the FAC and the SAC.

Plaintiffs argue that under CAFA, this Court only has subject matter jurisdiction if Plaintiffs allege aggregate damages of greater than $5 million and at least one named plaintiff's individual damages are at least $75,000. Defendants argue that Plaintiffs are mistaken about the $75,000 amount in controversy requirement under CAFA and that the $5 million requirement is satisfied by Plaintiffs' initial complaint.


**LEGAL STANDARD**

Removal to federal court is governed by 28 U.S.C. § 1441. Suits filed in state court may be removed if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Whether an action is properly in federal court on removal jurisdiction "depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997); 28 U.S.C. 1441(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-5565 AG (RNBx)** | Date | September 27, 2010 |
|---|---|---|---|
| Title | GILLINGS, et al. v. TIME WARNER CABLE | | |

**ANALYSIS**

The Court keeps in mind the rule that "the plaintiff is master of her complaint and can plead to avoid federal jurisdiction," and, "subject to a good faith requirement in pleading, a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in the state court." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-99 (9th Cir. 2007) (quotation marks omitted).

Under CAFA, "The district courts shall have original jurisdiction of any civil [class] action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs" and is a class action in which diversity requirements are satisfied. 28 U.S.C. § 1332(d)(2).

As previously noted, Plaintiffs also argue that CAFA requires that at least one plaintiff allege individual damages of greater than $75,000. Plaintiffs rely on *Cappuccitti v. DirecTV, Inc.*, 611 F.3d 1252 (11th Cir. 2010). The $75,000 amount-in-controversy threshold does not apply to class actions but rather only applies to mass actions. The Court thoroughly addressed this issue in *In re DirecTV Early Cancellation Litigation*, No. ML 09-2093, 2010 WL 3633079 (C.D. Cal. Sept. 7, 2010). Plaintiffs' argument requiring individual damages greater than $75,000 fails.

The Court now turns to the $5 million question. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). While defendants removing lawsuits based on Section 1332(d) bear the burden of proving that the amount in controversy exceeds $5,000,000, the standard of proof that defendants must produce varies based on the allegations in the complaint. *Lowdermilk*, 479 F.3d at 998.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-5565 AG (RNBx)** | Date | September 27, 2010 |
|---|---|---|---|
| Title | GILLINGS, et al. v. TIME WARNER CABLE | | |

If the complaint alleges no specific damages, the defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Id*.

If the complaint alleges damages exceeding $5 million, "the amount-in-controversy requirement is presumptively satisfied" unless it appears to a legal certainty that the claim is actually for less than $5 million. *Id.*

If the complaint alleges damages less than $5 million and there is no evidence of bad faith, "the defendant must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction." *Id*. at 999. In such a case, the "legal certainty" standard applies to the defendant's burden of proof. *Id*.

The Defendants' burden depends on what amount in controversy Plaintiffs have alleged. This case is complicated by the changes from the initial complaint filed in state court and the SAC filed in federal court. In the initial complaint, the amount in controversy is over $5 million, which satisfies the CAFA standard for removal. But in the SAC, the Plaintiffs amend and lessen their damages allegations. Thus the Court first considers which complaint applies.

Subject matter jurisdiction is a threshold issue for any case and removal is strictly construed in favor of remanding. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). The Court should look at the contents of the SAC rather than the initial complaint to determine subject matter jurisdiction, since that is the operative complaint. It would be improper to rely upon a complaint that is no longer the basis for this lawsuit, particularly in light of the strict standards for removal and Plaintiffs' argument that its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-5565 AG (RNBx)** | Date | September 27, 2010 |
|---|---|---|---|
| Title | GILLINGS, et al. v. TIME WARNER CABLE | | |

original amount in controversy was a mistake.

With the SAC as the guiding document here, the Court reads the SAC as alleging damages below $5 million. Plaintiffs allege that the earlier prayer for over $5 million was "mistaken[]." (SAC ¶ 2.) Although the Plaintiffs do not allege anything else about the "specific amount of damages," *Lowdermilk*, 479 F.3d at 998, their statement is sufficient to set the amount below $5 million for the burden of proof analysis.

Therefore, Defendants must "overcome the presumption against federal jurisdiction" and "contradict the plaintiff's own assessment of damages." *Lowdermilk*, 479 F.3d at 998. Defendant has not argued bad faith by the Plaintiffs. The only evidence Defendants cite in opposition to the Motion is Plaintiffs' prayer from the initial complaint for at least $5 million. Defendants did not undertake an independent analysis of the claims to determine likely aggregate damages, nor did Defendants cite any other statements by Plaintiffs. The evidence cited by Defendants is insufficient to meet their burden under *Lowdermilk*.

**DISPOSITION**

Defendants have not met their burden to establish that removal is proper. Plaintiffs' Motion to Remand is therefore GRANTED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |