Ira Spiro (Cal. State Bar No. 67641)
e-mail: ira@spiromoss.com
H. Scott Leviant (Cal. State Bar No. 200834)
e-mail: scott@spiromoss.com
Linh Hua (Cal. State Bar No. 247419)
e-mail: linh@spiromoss.com
**SPIRO MOSS LLP**
11377 W. Olympic Blvd., 5th Floor
Los Angeles, California 90064-1683
Telephone: (310) 235-2468
Facsimile: (310) 235-2456

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE NERCIA GILLINGS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TIME WARNER CABLE, LLC, et al., <br><br> Defendants. | Case No.: CV 10-5565-AG (RNBx) <br><br> [Hon. Andrew J. Guilford] <br><br> CLASS ACTION <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONTINUE AND/OR VACATE CASE DATES AND DEADLINES** <br><br> Date: October 31, 2011 <br> Time: 10:00 a.m. <br> Place: Courtroom 10D <br><br> Date Action Filed: June 25, 2010 <br> Date Removed: July 27, 2010 |

**TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 31, 2011 at 10:00 a.m., or as soon thereafter as may be heard, in Courtroom 10D of the above-entitled Court, located at 411 W. Fourth Street, Santa Ana, California, 92701, Plaintiffs will and hereby do move this Court for an Order continuing and/or vacating case dates and deadlines.

Plaintiffs move for relief on the grounds that:

1. Plaintiffs, within the time currently allotted by this Court, successfully moved to compel class-related discovery in that Defendants agreed to produce class-related discovery after Magistrate Judge Block issued an Order indicating that he was likely to compel such discovery;
2. The discovery Defendants agreed to produce is important to Plaintiffs' ability to move for class certification;
3. Magistrate Judge Block has determined that Plaintiffs have adequately established their prima facie showing that class certification is warranted;
4. Depriving Plaintiffs of a reasonable, additional amount of time in which to analyze and then present this discovery in support of Plaintiffs' Motion for Class Certification would reward Defendants for unreasonably refusing to respond to any class-related discovery;
5. Defendants are not prejudiced by any continuance since Defendants will retain the right to oppose Plaintiffs' Motion for Class Certification;
6. In any proposed class action, it is beneficial to all parties to resolve the issue of certification on the merits; and,
7. It is within this Court's discretion to grant the requested continuance.

Pursuant to Local Rule 7-3, this Motion follow conferences of counsel, including a conference of counsel held on September 23, 2011. (*See*, Declaration of H. Scott Leviant, at ¶ 40.)

1  This Motion will be based upon this Notice, the attached Memorandum of
2  Points and Authorities, the Declarations of H. Scott Leviant filed concurrently
3  herewith, the pleadings and papers on file herein, and upon any other matters that
4  may be presented to this Court prior to or at the hearing.

Respectfully submitted,

Dated: October 2, 2011          SPIRO MOSS LLP

By: /s/ H. S. Leviant
Ira Spiro
H. Scott Leviant

Attorneys for Plaintiffs

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................... 2

    A. Procedural History ........................................................................................ 2

    B. Facts Showing Good Cause to Grant the Requested Continuance of Dates and Deadlines ................................................................................. 3

        1. Plaintiffs Unsuccessfully Pursued Class-related Discovery ............... 3

        2. Plaintiffs Obtained Class-related Discovery Only After Moving to Compel Its Production and Receiving an Order from Magistrate Judge Block Affirming Plaintiffs' Right to the Discovery ................. 7

III. LEGAL STANDARDS GOVERING MOTIONS TO CONTINUE ............. 10

    A. A Trial Court Possesses the Discretion to Grant Requests for Continuances ........................................................................................ 10

    B. Defendant Will Not Suffer Any Prejudice If The Court Grants Plaintiff's Request For A Continuance, But Class Members May Suffer Prejudice if the Court Premature Rules on Certification Issues. .. 10

    C. Strictly Adhering to the Initial Case Management Schedule Would Thwart Plaintiffs' Attempt to Obtain Critical Pre-Certification Discovery and Reward Defendants' Obstruction ..................................... 11

IV. CONCLUSION .................................................................................................. 14

# TABLE OF AUTHORITIES

**FEDERAL DECISIONAL AUTHORITY**

*American Pipe and Costr. Co. v. Utah*, 414 U.S. 538 (1974) ................................ 12

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) .................................................. 12

*Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977) .............. 13

*Hawaii v. Standard Oil Co. Of Calif.*, 405 U.S. 251 (1972) ................................... 12

*Kaminske v. JP Morgan Chase Bank N.A.*,
    2010 WL 5782995 (C.D. Cal. May 21, 2010) ................................................. 8, 13

*Kamm et al. v. California City Development Company et al.*,
    509 F.2d 205 (9th Cir. 1975) ................................................................................ 12

*Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985) ............................................... 13

*Nguyen v. Baxter Healthcare Corp.*, ___ F.R.D. ___,
    2011 WL 2183993 (C.D. Cal. June 6, 2011) ........................................................ 13

*Pitts v. Terrible Herbst, Inc.* (9th Cir. Aug. 9, 2011) ......................................... 5, 12

*Stewart v. Winter*, 669 F.2d 328 (5th Cir. 1982) ..................................................... 12

*Ungar v. Sarafite*, 376 U.S. 575, 84 S. Ct. 841 (1964) ........................................... 10

*United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa County,
    State of Cal.*, 791 F.2d 666 (9th Cir. 1985) ......................................................... 10

*Van Colla v. County of Ventura*, 189 F.R.D. 583 (C.D.Cal. 1999) ........................ 11

*Wal-Mart Store, Inc. v. Dukes*, 131 S.Ct. 2541 (2011) ........................................... 12


**RULES**

Fed. R. Civ. P. 23 ............................................................................................... 11, 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is wage and hour class action lawsuit involving customer service call center employees located in California. For purposes of their intended motion for class certification, Plaintiffs Eve Nercia Gillings, Patrice Hayes, Phillip Bond, and Rhandi Walters ("Plaintiffs") allege that (1) Time Warner Cable LLC ("TWCLLC" or "Defendant") utilized a timeclock rounding methodology with associated policies that, over time, resulted in an underpayment of wages to the putative class, and (2) Defendant utilized a timeclock system with associated policies that required putative class members to spend several minutes starting up their computers and various software programs without pay. While the amounts of these underpayments do not amount to a princely sum for any particular employee, they add up over time to Defendant's benefit, aggregating into a sizable sum.

This motion asks this Court to continue current case management dates and deadlines, including the trial date and dates related thereto. Plaintiffs have successfully obtained important class-related discovery following timely Motions to Compel, but that hard-fought victory will be rendered meaningless, to the great detriment of the putative class, if Plaintiffs are denied a reasonable means of using that data. Defendants, on the other hand, suffer no prejudice, losing nothing other than a set of deadlines to use to their tactical advantage. And, were the Court to deny this Motion, it would ultimately be rewarding Defendants (and encouraging others) that withheld class-related discovery found to be reasonable by one of the Central District's strictest evaluators of requests for class-based discovery, Magistrate Judge Block. Considering all factors establishes that the equities point decidedly in favor of granting the requested relief.

In sum, Plaintiffs' motion should be granted because:

1. Plaintiffs, within the time currently allotted by this Court, successfully moved to compel class-related discovery in that Defendants agreed to

Case No.: CV 10-5565-AG (RNBx)    Page 1
**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONTINUE AND/OR VACATE CASE DATES AND DEADLINES**

produce class-related discovery after Magistrate Judge Block issued an Order indicating that he was likely to compel such discovery;[1]

2. The discovery Defendants agreed to produce is important to Plaintiffs' ability to move for class certification;

3. Magistrate Judge Block has determined that Plaintiffs have adequately established their prima facie showing that class certification is warranted;

4. Depriving Plaintiffs of a reasonable, additional amount of time in which to analyze and then present this discovery in support of Plaintiffs' Motion for Class Certification would reward Defendants for unreasonably refusing to respond to any class-related discovery;

5. Defendants are not prejudiced by any continuance since Defendants will retain the right to oppose Plaintiffs' Motion for Class Certification;

6. In any proposed class action, it is beneficial to all parties to resolve the issue of certification on the merits; and,

7. It is within this Court's discretion to grant the requested continuance.

II. **STATEMENT OF FACTS**

   A. **Procedural History**

On June 25, 2010, Plaintiffs, current or former employees of Defendants in various California call center facilities, filed a putative class action lawsuit in the Los Angeles County Superior Court on their own behalf and on behalf of all other persons similarly situated. (Declaration of H. Scott Leviant ["Leviant Decl."], at ¶ 4.) The Second Amended Complaint seeks to certify a wage and hour class action against Defendants, and it defines the proposed class as follows:

---

[1] The timeliness of Plaintiffs' Motions may explain why Magistrate Judge Block took pains to simply quote Defendants' arguments about Plaintiffs' alleged " 'gross lack of diligence' " rather than characterize Plaintiffs' diligence in that way himself. A successful set of Motions, brought months before the cutoff date for filing such motions, are not credibly described as demonstrating a "gross lack of diligence."

> All persons employed as hourly-paid employees by any Defendant in any call center in California at any time on or after June 25, 2006, whose duties during that period of time included speaking with customers by telephone and using a computer in connection with the telephone calls. The job titles of the class members include but are not limited to: "sales representative/agent;" "customer service representative/agent"; and "mentor"

(Leviant Decl., at ¶ 4.)

On July 27, 2010, Defendants filed a Notice of Removal of Action under 28 U.S.C. §§ 1332 (CAFA). (Leviant Decl., at ¶ 5.) On August 20, 2010, Plaintiffs filed a First Amended Complaint. (Leviant Decl., at ¶ 6.) On August 26, 2010, Plaintiffs moved to remand the matter to California's Superior Court. (Leviant Decl., at ¶ 7.)

On September 7, 2010, Plaintiffs filed a Second Amended Complaint. (Leviant Decl., at ¶ 8.) On September 13, 2010, the Court held a Scheduling Conference. (Leviant Decl., at ¶ 9.)

On November 19, 2010, Defendants' Answered the Second Amended Complaint. (Leviant Decl., at ¶ 10.) On January 6, 2011, the Court issued an Order denying Plaintiffs' Motion to Remand. (Leviant Decl., at ¶ 11.)

**B.  Facts Showing Good Cause to Grant the Requested Continuance of Dates and Deadlines**

**1.  Plaintiffs Unsuccessfully Pursued Class-related Discovery**

Plaintiff Eve Gillings propounded a First Set of Interrogatories and First Set of Requests for Production to Defendants, including Time Warner Cable LLC, on January 12, 2011, by First Class U.S. Mail. (Leviant Decl., at ¶ 12.) On February 18, 2011, Defendants, including Time Warner Cable LLC ("TWCLLC"), responded. (Leviant Decl., at ¶ 13.)

1   On April 26, 2011, Plaintiffs sent meet and confer correspondence to
TWCLLC's counsel. (Leviant Decl., at ¶ 14.) That correspondence identified each issue and/or discovery request in dispute in the First Sets of discovery, stated with respect to each such issue/request the Plaintiffs' position, provided legal authority for Plaintiffs' position, and indicated that a motion to compel seeking full compliance would be filed in the event that responses were not provided. (*Ibid.*, *and see*, Exh. 1 thereto.) The parties conferred on May 6, 2011, following Plaintiffs' correspondence requesting that conference. (Leviant Decl., at ¶ 15.) TWCLLC's position was that no class discovery would be responded to by TWCLLC. (*Ibid.*)

Plaintiffs' counsel have attempted to compel class discovery before Magistrate Judge Block in other cases. (Leviant Decl., at ¶ 16.) In their experience, Magistrate Judge Block imposes one of the strictest standards for obtaining class discovery in the Central District. (*Ibid.*) In particular, it is their belief that, irrespective of their construction of controlling decisional authority, they could not succeed on a motion to compel without independently providing evidence to suggest that certification is at least plausible. (*Ibid.*) Plaintiffs' counsel spent several months working to collect different types of evidence that might satisfy Magistrate Judge Block's standard, concluding that a Motion to Compel brought without that showing would almost certainly fail. (*Ibid.*)

Plaintiff Eve Gillings propounded a Second Set of Requests for Production to Defendant Time Warner Cable LLC on June 30, 2011, by First Class U.S. Mail. (Leviant Decl., at ¶ 17.) Plaintiff Eve Gillings propounded a Third Set of Requests for Production to Defendant Time Warner Cable LLC on July 6, 2011, by First Class U.S. Mail. (Leviant Decl., at ¶ 18.) On August 8, 2011, TWCLLC responded. (*Ibid.*) Plaintiffs received the responses on August 9, 2011. (*Ibid.*)

Meanwhile, Defendants deposed Plaintiffs in July 2011, after counsel worked together to find mutually agreeable dates. (Leviant Decl., at ¶ 19.) Then, in early

Case No.: CV 10-5565-AG (RNBx)   Page 4
**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONTINUE AND/OR VACATE CASE DATES AND DEADLINES**

August, Plaintiffs' counsel sent a draft 30(b)(6) deposition notice to counsel for Defendant. (Leviant Decl., at ¶ 20.) Defendants' counsel was asked to review the categories and then identify a date or dates when designated witnesses for Defendants could appear. (*Ibid*.)

Following the decision in *Pitts v. Terrible Herbst, Inc*. (9th Cir. Aug. 9, 2011), Plaintiffs sent correspondence to Defendants' counsel on August 12, 2011, requesting reconsideration of Defendants' discovery position regarding class-related discovery in light of new authority from the Ninth Circuit regarding class discovery rights. (Leviant Decl., at ¶ 21 and Exh. 2.)

On August 12, 2011, Plaintiffs' counsel also sent Defendants' counsel correspondence regarding responses to Requests for Production, Set Three. (Leviant Decl., at ¶ 22.) That correspondence identified each issue and/or discovery request in dispute in Plaintiffs' Third set of Requests for Production, stated with respect to each such issue/request the Plaintiffs' position, provided legal authority for Plaintiffs' position, and indicated that a motion to compel seeking full compliance would be filed in the event that responsive documents were not produced. (*Ibid, and see*, Exh. 3.)

The parties conferred on August 18, 2011, following Plaintiff's correspondence requesting that conference. (Leviant Decl., at ¶ 23.) While the tenor of the call was very cordial, TWCLLC's position was that (1) it was not possible to obtain time data in an electronic format from the Kronos system, and (2) no class discovery would be responded to by TWCLLC. (*Ibid*.) Confirming the certainty of the second point, Plaintiffs were advised during that call that TWCLLC would not respond to any deposition questions regarding class issues. (*Ibid*.) Thus, as of August 18, 2011, Defendants continued to assert their right to refuse to respond to any discovery of a classwide nature. (*Ibid*.)

During the meet and confer process, Plaintiffs proposed a number of compromises. They were unsuccessful. (Leviant Decl., at ¶¶ 24-25.) Moreover,

while discussing the class issues, it was disclosed that Plaintiffs intended to focus on a significantly narrowed set of allegations for class certification. (Leviant Decl., at ¶ 26.) The purpose of that concession to TWCLLC was to confirm a reduction in the scope of the case while concurrently highlighting that the remaining claims were well-suited to class treatment, whatever the ultimate result. (*Ibid*.) Specifically, it was explained that Plaintiffs would focus certification on time rounding that favors Defendants and uncompensated computer start-up time. (*Ibid*.)

Rounding works against Time Warner employees in two ways. (Leviant Decl., at ¶ 27.) First, the policies of Time Warner, over the long run, tend to favor Time Warner and underpay employees. (*Ibid*.) Time Warner requires or sets policies as follows:

1. Time Warner rounds timeclock events to the nearest quarter hour;
2. Employees must be ready to receive calls at their start time ("You must log in to Avaya at the start of your shift" and "You need to be available to take calls even if ACP is still loading");
3. Employees are tardy if they are one minute late ("An employee is late 1 minute. This is .5 of an occurrence.");
4. Employees cannot clock out early ("An early departure is defined as clocking out before the end of the scheduled shift" and "An employee leaves work early 1 minute. This .5 of an occurrence.");
5. Employees are graded on their AHT, or "Average Handle Time";
6. A mid-level handle time is in the 6 to 8 minute range.

(Leviant Decl., at ¶ 27.) Documentary evidence of these policies was provided to Magistrate Judge Block by Plaintiffs. (*Ibid*.)

Second, and linked to rounding, is the fact that call center employees must clock in through the AVAYA phone system. (Leviant Decl., at ¶ 28.) But, when they clock in, they must be ready to receive calls from customers. (*Ibid*.) Thus,

employees must start their computers and launch the necessary programs for customer sales and support before clocking into the phone system. (*Ibid*.) This causes a slight understatement of time worked at the beginning of each shift. (*Ibid*.) But since employees must be ready to work at the start of a shift, this off-the-clock start-up time is likely to occur right before an even hour increment. (*Ibid*.) And because the startup time was consistently estimated by the Plaintiffs in their depositions to last about three to five minutes, even if this time were fully captured, it would not result in additional pay under the rounding system, which would round off in Time Warner's favor any clock-in times up to 8 minutes before the start of a shift. (*Ibid*.) As a result, the off-the-clock work activities for call center employees provides Time Warner with a few additional minutes of work from each employee every shift, and those minutes add up. (*Ibid*.) If an employee worked 20 shifts a month, and took only three minutes to start up a computer to a state ready to assist customers, that would understate work time by about 1 hour a month. (*Ibid*.) For a worker making $10 to $12 an hour, that could result in an underpayment of roughly $120 to $144 per year, per employee. (*Ibid*.)

TWCLLC rejected the information regarding narrowed claims as having any impact on its position that no class discovery is available to Plaintiffs until such time as they prove certification. (Leviant Decl., at ¶ 29.) This circular reasoning eliminated any ability to offer further compromise proposals, as the issues quickly resolved themselves as "all-or-nothing" positions. (*Ibid*.)

### 2. Plaintiffs Obtained Class-related Discovery Only After Moving to Compel Its Production and Receiving an Order from Magistrate Judge Block Affirming Plaintiffs' Right to the Discovery

Plaintiffs filed Motions to Compel in September 2011. (Leviant Decl., at ¶ 30.) In the Motions, Plaintiffs provided information showing that they could

potentially satisfy all requisites of class certification. (*Ibid*.) Moreover, when Plaintiffs prepared the initial portions of the Joint Stipulation for the discovery motions, Plaintiffs provided evidence showing that Defendants could produce electronic time records for putative class member with little difficulty. (*Ibid*.) Defendants agreed to provide electronic time records for Plaintiffs, but not for a sample of putative class members. (*Ibid*.)

Soon after Plaintiffs filed their Motions to Compel, Magistrate Judge Block issued a minute order addressing the motions. (Leviant Decl., at ¶ 31.) The minute order said, in part:

> Here, it appears to the Court that plaintiffs have made a sufficient showing to warrant the Court's following the lead of Judge Selna in <u>Kaminske</u> by granting plaintiffs' Motion to Compel with respect to Interrogatory Nos. 1 and 2 in part. The Court is inclined to order defendants to produce contact information for a random sample of 400 putative class members (which according to plaintiffs' calculation meets Judge Selna's definition of a statistically meaningful size). See <u>Kaminske v. JPMorgan Chase Bank, N.A.</u>, 2010 WL 5782997, *1 (C.D. Cal. Oct. 20, 2010).
>
> Because the information sought by Interrogatory Nos. 3 and 4 clearly is relevant to the issue of numerosity, which is a requisite for class certification (see Fed. R. Civ. P. 23(a)(1)) and because the Court is inclined to reject defendants' contention that plaintiffs should not be allowed to conduct any pre-certification discovery, the Court also is inclined to grant the Motion to Compel with respect to Interrogatory Nos. 3 and 4.
>
> Based on the above reasoning, for the same random sample of 400 putative class members, the Court also is inclined to grant the

Motion to Compel with respect to Document Request Nos. 16 and 17, to the extent that responsive documents to both requests exist. (Leviant Decl., at ¶ 31 and Exh. 4.)

After Magistrate Judge Block issues his Minute Order, Plaintiffs' counsel conferred with counsel for Defendants. (Leviant Decl., at ¶ 32.) It was agreed that TWCLLC would produce contact information for 200 randomly selected individuals that worked as inbound sales representative in California, their electronic time records, and responses to Interrogatories 3 and 4. (*Ibid*.) This agreement was reached on September 27, 2011. (*Ibid*.) Defendants have not yet provided this information, but it will probably take Defendants several weeks to compile the electronic time records for all 200 individuals. (*Ibid*.)

On September 23, 2011, Plaintiffs' counsel asked Defendants' counsel to confirm that Defendants would now submit to depositions and respond to questions relating to classwide issues. (Leviant Decl., at ¶ 33.) Plaintiffs have not yet received a response to that inquiry. (*Ibid*.)

Magistrate Judge Block declined to recommend any adjustment to various case dates and deadlines, concluding that such decisions were left to the District Court. (Leviant Decl., at ¶ 34.) This Court has previously set dates and deadlines in this matters, including the following:

Discovery Cutoff is October 24, 2011.

A Final Pretrial Conference is set for January 9, 2012, at 8:30 a.m.

A Jury Trial is set for January 24, 2012 at 9:00 a.m.

(See, Docket Item 34.)

Thus, pursuant to this Court's Scheduling Order, Plaintiffs' successfully moved to compel class discovery well within the time allotted to do so. (Leviant Decl., at ¶ 36.) In fact, Defendants' rapid capitulation after the issuance of Magistrate Judge Block's Order can only be regarded as an effort by Defendants to

1 limit the damage that could have resulted from a final order compelling production
2 and responses. (*Ibid*.)

### III. LEGAL STANDARDS GOVERING MOTIONS TO CONTINUE

#### A. A Trial Court Possesses the Discretion to Grant Requests for Continuances

"The matter of continuance is traditionally within the discretion of the trial judge. . . ." *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841 (1964). While not every request need be granted, "a myopic insistence upon expeditiousness in the face of a justifiable request for delay" can render further proceedings an empty formality. *Ungar*, 376 U.S. at 589. In this matter, since no actual prejudice to Defendants will result from a continuance, but the putative class would be substantially prejudiced by the failure to grant Plaintiffs' motion, it would be fair and appropriate to grant the requested relief.

#### B. Defendant Will Not Suffer Any Prejudice If The Court Grants Plaintiff's Request For A Continuance, But Class Members May Suffer Prejudice if the Court Premature Rules on Certification Issues.

Courts consider "inconvenience" or prejudice to the opposing party when evaluating a request for a continuance. *See, e.g., United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa County, State of Cal.*, 791 F.2d 666, 671 (9th Cir. 1985) (finding that even a highly uncooperative party should have received a requested continuance when the continuance would have been useful to the requesting party and not highly prejudicial to the opposing party). Here, Defendants will suffer no conceivable prejudice or actual "inconvenience" if the Court grants Plaintiffs' Motion. (Leviant Decl. at ¶ 39.) Defendants will retain all rights to oppose Plaintiffs' Motion for Class Certification, *on its merits*, in any way

they choose.  Importantly, the loss of a tactical upper hand does not constitute prejudice, as the term is meant here.  On the other hand, if the Motion is denied, the putative class members may lose the benefits that could be secured for them through class litigation by willing class representatives.  Therefore, Plaintiffs request that the Court vacate the current case dates and deadlines, setting the following schedule:

| Proposed Date | Event |
| --- | --- |
| January 9, 2012 | Complete Class Certification Discovery, and file any Motion to Compel related thereto |
| March 26, 2012 | File Motion for Class Certification |
| April 9, 2012 | Oppose Motion for Class Certification |
| April 23, 2012 | Reply to Motion for Class Certification |
| May 14, 2012 | Hearing of Plaintiffs' Motion for Class Certification |
| June 4, 2012 | Trial-Setting Conference following ruling of Motion for Class Certification and Hearing regarding Class Notice if Class Certified |

Under this schedule, the Court would retain the flexibility to set additional case management dates after determining the issue of class certification.  If a class is certified, the Court can turn first to the issue of class notice.  If a class is not certified, the Court can set a date for the Plaintiffs' individual trial.

### C. **Strictly Adhering to the Initial Case Management Schedule Would Thwart Plaintiffs' Attempt to Obtain Critical Pre-Certification Discovery and Reward Defendants' Obstruction**

When evaluating whether the requirements of Rule 23 are met in a particular case, "a district court should bear in mind the two goals behind Rule 23 . . . ." *Van Colla v. County of Ventura*, 189 F.R.D. 583, 590 (C.D.Cal. 1999).  First, class actions are important because they "enhance the efficacy of private actions by

1  permitting citizens to combine their limited resources to achieve a more powerful
2  litigation posture." *See, Hawaii v. Standard Oil Co. Of Calif.*, 405 U.S. 251, 266
3  (1972). Second, class actions "promote efficiency and economy of litigation by
4  consolidating numerous individual suits into a single suit." *American Pipe and*
5  *Costr. Co. v. Utah*, 414 U.S. 538, 551 (1974).

6  Prior to filing a Rule 23 motion for certification, the parties are entitled to
7  conduct discovery in order to provide the court with evidence outside the pleadings
8  that support (or refute) certification. *See Kamm et al. v. California City*
9  *Development Company et al.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of
10 a class action cannot be determined in some cases without discovery, as, for
11 example, where discovery is necessary to determine the existence of a class or set
12 of subclasses."); *Armstrong v. Davis*, 275 F.3d 849, 872 fn 28 (9th Cir. 2001)
13 (District Court may permit class discovery to determine whether class certification
14 is appropriate*)*; *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) ("in most
15 cases a certain amount of discovery is essential in order to determine the class
16 action issue and the proper scope of a class action") (internal quotation omitted). In
17 this matter, Defendants refused to respond to any class-related discovery in a
18 calculated effort to impede access to discovery that would establish certification
19 requisites.

20 On August 9, 2011, in *Pitts v. Terrible Herbst, Inc*. (9th Cir. Aug. 9, 2011),
21 the Ninth Circuit criticized a district court for requiring the plaintiff to file a class
22 certification motion without allowing the plaintiff access to evidence essential, *in*
23 *the plaintiff's view*, to his motion for class certification. What is clear from this
24 opinion is that the Ninth Circuit does not support a view of class certification
25 discovery that is inconsistent with Fed. R. Civ. P. 26 and the evidentiary
26 obligations imposed on plaintiffs moving for certification by such decisions as *Wal-*
27 *Mart Store, Inc. v. Dukes*, 131 S.Ct. 2541 (2011). Importantly, the limited view of
28 discovery advocated by Defendants through extreme constructions of *Mantolete v.*

SPIRO MOSS LLP

*Bolger*, 767 F.2d 1416 (9th Cir. 1985) and *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977) has been rejected by District Courts in the Central District and the Magistrate Judge in this matter. *See, e.g., Nguyen v. Baxter Healthcare Corp.*, ___ F.R.D. ___, 2011 WL 2183993 (C.D. Cal. June 6, 2011) (after prima facie case is alleged in *pleadings*, reasonable class-wide discovery should be permitted); *Kaminske v. JP Morgan Chase Bank N.A.*, 2010 WL 5782995 (C.D. Cal. May 21, 2010) (rejecting overly strict application of *Doninger* and *Mantolete* and holding that the "better and more advisable practice" is to allow class discovery). (*See also*, Leviant Decl., Exh. 4.)

In this matter, Plaintiffs convinced Magistrate Judge Block that they could present a reasoned case for class certification to this Court. (Leviant Decl., Exh. 4.) Defendants evidently agreed, negotiating a resolution to Plaintiffs' pending discovery motions that would eliminate further orders from Magistrate Judge Block. As discussed above, Defendants will suffer no prejudice by allowing additional time to resolve the class certification issue, but Plaintiffs and the putative class will be harmed if relief is not granted. The important discovery that Plaintiffs have obtained through discovery motions and subsequent negotiations between counsel will allow Plaintiffs to show this Court that (1) simple classwide issues can be answered once, with classwide data and legal authority (e.g., Is rounding underpaying employees systematically? Is it legal? Is several minutes of computer start-up time compensable?) (2) class treatment is superior, and (3) damages can be ascertained from records, *without involving absent class members*. However, even the most compelling discovery will accomplish nothing if Plaintiffs are not given a reasonable, additional period of time to analyze time records, confirm workstations start-up time estimates, and then present that information to the Court as part of a motion for class certification. Simply put, it would be unfair to putative class members to effectively grant Plaintiffs essential classwide discovery but nullify the utility of that discovery by holding fast to current case dates and deadlines.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court issue an Order vacating current case management dates and deadlines, setting instead the dates and deadlines requested in Plaintiffs' Motion. Denying Plaintiffs' Motion, on the other hand, would accomplish nothing other than to reward powerful Defendants that, without good cause, refuse all class-related discovery and use time as a weapon to gain tactical advantage.

Respectfully submitted,

Dated: October 2, 2011    SPIRO MOSS LLP

By: _/s/ H. S. Leviant_
Ira Spiro
H. Scott Leviant

Attorneys for Plaintiffs